Belk v. Peters

REGINALD WAYNE BELK v. ELBERT L. PETERS, JR., COMMISSIONER, AND DIVISION OF MOTOR VEHICLES OF THE DEPARTMENT OF TRANS-PORTATION OF THE STATE OF NORTH CAROLINA

No. 8226SC719

(Filed 5 July 1983)

**Automobiles and Other Vehicles § 2.1— points assessed for "driving left of center"**

A conviction of "driving left of center" in violation of G.S. 20-150(d), which is a subsection under a statute relating to "limitations on privilege of overtak-

ing and passing," constituted a conviction of one form of "illegal passing" for which four points must be assessed under G.S. 20-16(c) rather than a conviction under the category of "all other moving violations" for which only two points are assessed under that statute.

APPEAL by plaintiff from *Grist, Judge*. Judgment entered 23 March 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 May 1983.

On 9 March 1980 plaintiff received a traffic violation citation for "driving left of center" in violation of G.S. 20-150(d). The record reflects that "[t]hrough inadvertence, the citation was incorrectly marked to reflect a violation of N.C.G.S. § 20-146, 'driving on the wrong side of the road,' . . . ."

Plaintiff waived trial and pled guilty, believing he had admitted to a violation of G.S. 20-150(d). Under G.S. 20-16(c) four points were assigned to plaintiff's license by the Division of Motor Vehicles for a violation of G.S. 20-146. The plaintiff subsequently discovered the mistake, and his motion to correct the court record of conviction so that it would reflect a conviction for "driving left of center" pursuant to G.S. 20-150(d) was granted in District Court. Although the Division of Motor Vehicles was notified repeatedly, plaintiff's motor vehicle record at the Division of Motor Vehicles was never amended to reflect this change. Plaintiff contended that his motor vehicle record should reflect only two points for a conviction under G.S. 20-150(d), instead of the four points assigned for the conviction under G.S. 20-146.

On 28 January 1981, plaintiff petitioned to have the point value for the above conviction changed on his motor vehicle record from four to two points and to permanently enjoin defendant from revoking plaintiff's license. After a hearing on the matter, the court concluded that plaintiff was not entitled to a change of points on his motor vehicle record and that plaintiff's license was subject to revocation for having accumulated twelve or more points on his driving record.

*Lila Bellar, for plaintiff-appellant.*

*Attorney General Edmisten by Special Deputy Attorney General Jean A. Benoy, for defendant-appellee.*

EAGLES, Judge.

We reject plaintiff's contention that a violation of G.S. 20-150(d) falls under the "all other moving violations" category of G.S. 20-16(c) for which only two points are awarded. Plaintiff's record of conviction was corrected to reflect a conviction for a violation of G.S. 20-150(d). G.S. 20-150 is entitled "Limitations on privilege of overtaking and passing." Under G.S. 20-16(c), the Division of Motor Vehicles must enter four points on the motor vehicle record of any person convicted of "illegal passing." We hold that plaintiff pled guilty under G.S. 20-150(d) to one form of illegal passing and his motor vehicle record presently reflects the correct point value for that violation.

For the above reason the judgment of the Superior Court is

Affirmed.

Judges WELLS and BECTON concur.